UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| WELLS FARGO BANK N.A., | No. C 14-03663 LB |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |
| v. | |
| VICKI ROBINSON, STEVE ROBINSON, | [ECF No. 4] |
| Defendants. | |
| _____/ | |

**INTRODUCTION**

This is an unlawful detainer action originally filed by Plaintiff Wells Fargo Bank N.A. ("Wells Fargo") against Defendants Vicki Robinson and Steve Robinson ("the Robinsons") in Napa County Superior Court. This is the Robinsons' third removal of this state unlawful detainer action. *See* Notice of Removal, ECF No. 1; Notice of Removal, *Wells Fargo Bank N.A. v. Robinson*, No. C 14-01433 KJM (E.D. Cal. June 16, 2014), ECF No. 1; Notice of Removal, *Wells Fargo Bank N.A. v. Robinson*, No. C 14-01470 VC (N.D. Cal. Mar. 31, 2014), ECF No. 1.[1] Wells Fargo now moves to remand the action to Napa County Superior Court. *See* Motion, ECF No. 4 at 1. All parties have consented to the undersigned's jurisdiction. This order **GRANTS** Wells Fargo's motion to remand

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 14-03663 LB
ORDER

1  this matter to Napa County Superior Court because this court lacks subject matter jurisdiction.[2]
2  Additionally, the court warns the Robinsons that the court may impose a pre-filing restriction if they
3  continue to remove the action on already-rejected bases.

## STATEMENT

The Robinsons reside at 482 Cross Street, Napa, California ("the property"). *See* Complaint, Notice of Removal at 8, *Wells Fargo Bank N.A. v. Robinson*, No. C 14-01470 VC (N.D. Cal. Mar. 31, 2014), ECF No. 1.[3] On December 16, 2013, Wells Fargo acquired title to the property through foreclosure after the Robinsons defaulted on their mortgage. *See id*. Wells Fargo perfected title to the property on January 13, 2014. *See id.* at 9.

On January 21, 2014, Wells Fargo served the Robinsons with a three-day notice to vacate. *See id.* The Robinsons did not vacate by January 24, 2014. *See id.* Wells Fargo then filed this unlawful detainer action, Napa County Superior Court limited civil case number 14UD00027, on January 28, 2014. *See id.* at 8.

On March 31, 2014, the Robinsons removed this action to the United States District Court for the Northern District of California asserting diversity and federal question jurisdiction as bases for removal. *See* Notice of Removal at 1-2, *Wells Fargo Bank N.A. v. Robinson*, No. C 14-01470 VC (N.D. Cal. Mar. 31, 2014), ECF No. 1. On May 28, 2014, the Honorable Vince Chhabria remanded the action to Napa County Superior Court because the court lacked federal question jurisdiction. *See*

---

[2] Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument, and vacates the October 16, 2014 hearing. Wells Fargo's administrative motion to shorten time for that hearing, ECF No. 5, is moot for this reason.

[3] Pursuant to Federal Rule of Evidence 201, the court takes judicial notice of the state court complaint in Napa County Superior Court limited civil case number 14UD00027. As indicated in the notice of removal and Wells Fargo's motion to remand, the Robinsons removed the same state court case, 14UD00027, a third time. *See* Notice of Removal, ECF No. 1 at 1; Motion, ECF No. 4 at 1. The Robinsons appended the complaint from state court case 14UD0027 to their first notice of removal in civil action C 14-01470 VC, but failed to append it to their notice of removal in the instant case, C 14-03663 LB. *See* Notice of Removal, ECF No. 1. Based on the identity of the state court case numbers and the parties' pleadings, this court can accurately and readily determine that the complaint filed in the earlier civil action C 14-01470 VC is the same complaint, and the same action, that the Robinsons now seek to remove in C 14-03663 LB.

Order, *Wells Fargo Bank N.A. v. Robinson*, No. C 14-01470 VC (N.D. Cal. May 28, 2014), ECF No. 12; *see also* Report and Recommendation at 1-2, *Wells Fargo Bank N.A. v. Robinson*, No. C 14-01470 VC (N.D. Cal. May 9, 2014), ECF No. 8.

On June 16, 2014, the Robinsons removed this action a second time to the United States District Court for the Eastern District of California asserting diversity and federal question jurisdiction as bases for removal. *See* Notice of Removal at 1-2, *Wells Fargo Bank N.A. v. Robinson*, No. C 14-01433 KJM (E.D. Cal. June 16, 2014), ECF No. 1. On August 4, 2014, the Honorable Kimberly Mueller remanded the action to Napa County Superior Court because the court had neither federal question jurisdiction nor diversity jurisdiction. *See* Order, *Wells Fargo Bank N.A. v. Robinson*, No. C 14-01433 KJM (E.D. Cal. Aug. 4, 2014), ECF No. 10; Findings and Recommendations at 2, *Wells Fargo Bank N.A. v. Robinson*, C 14-01433 KJM (E.D. Cal. June 23, 2014), ECF No. 3.

On August 12, 2014, the Robinsons removed this action for a third time asserting federal question jurisdiction as a basis for removal. *See* Notice of Removal, ECF No. 1 at 1-2. Wells Fargo once again moves to remand this action to California state court. *See* Motion, ECF No. 4 at 1.

## ANALYSIS

A defendant in state court may remove an action to federal court so long as a federal court could have asserted original jurisdiction over the action. *See* 28 U.S.C. § 1441(b).[4] The burden is on the removing defendant to prove the basis for the federal court's jurisdiction. *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 (9th Cir. 1990). The statutes that confer removal jurisdiction, 28 U.S.C. § 1441 *et seq.*, are strictly construed against removal such that all doubts as to removability are resolved in favor of remanding the action. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985). If, after a court's prompt review of a notice of removal, "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court *shall* make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added).

---

[4] District courts have original jurisdiction over cases that arise under the law of the United States. U.S. Const. art. III, § 2, cl.1.

### I. THE COURT LACKS FEDERAL QUESTION JURISDICTION

The Robinsons assert that removal is proper because the court has federal question jurisdiction. *See* Notice of Removal, ECF No. 1 at 2. For federal question jurisdiction to exist, a federal question must be present on the face of the plaintiff's "well-pleaded complaint" at the time of removal. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). An actual or anticipated federal defense is not sufficient to confer jurisdiction. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009). A plaintiff may not defeat removal by omitting necessary federal questions from his or her complaint. *Franchise Tax Bd.*, 463 U.S. at 22.

Here, Wells Fargo alleges a claim of unlawful detainer against the Robinsons. *See* Complaint, Notice of Removal at 8, *Wells Fargo Bank N.A. v. Robinson*, No. C 14-01470 VC (N.D. Cal. Mar. 31, 2014), ECF No. 1. Unlawful detainer claims do not arise under federal law and, without more, the court lacks federal question jurisdiction. *See, e.g., Fed. Nat'l Mortg. Assoc. v. Lopez*, No. C 11-00451 WHA, 2011 WL 1465678, at *1 (N.D. Cal. Apr. 15, 2011); *GMAC Mortg. LLC v. Rosario*, No. C 11-1894 PJH, 2011 WL 1754053, at *2 (N.D. Cal. May 9, 2011); *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010).

The Robinsons nonetheless assert that the court has federal question jurisdiction because "Plaintiffs are in violation of 12 USC § 3708, Implementing Regulations, § 1.1-1, Title 24 C.F.R. 220.814," and "Plaintiff has violated numerous federal law and statutes, under Title 24 C.F.R. 220.814-Election of Action, (Chapter 2, Subtitle B)." Notice of Removal, ECF No. 1 at 2-3. Despite the Robinsons' attempt to state these arguments as affirmative claims, no such affirmative claims appear in the complaint. *See* Complaint, Notice of Removal at 8, *Wells Fargo Bank N.A. v. Robinson*, No. C 14-01470 VC (N.D. Cal. Mar. 31, 2014), ECF No. 1. Rather, they are federal defenses, and, as stated above, federal defenses, regardless of their merit, cannot provide this court with federal question jurisdiction. *Franchise Tax Bd.*, 463 U.S. at 10; *Hunter*, 582 F.3d at 1042-43.

### II. THE COURT LACKS DIVERSITY JURISDICTION

While the Robinsons do not assert diversity jurisdiction as a basis for removal, this order holds that this action may not be removed based on diversity jurisdiction because the court lacks diversity

jurisdiction and the Robinsons are citizens of the forum state.  Federal courts also have original jurisdiction where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a).  Even if a federal court has diversity jurisdiction, removal is not permitted where a defendant in the case is a citizen of the state in which the plaintiff originally brought the action.  *See* 28 U.S.C. § 1441(b).

Here, the amount in controversy does not exceed $75,000.  *See* Complaint, Notice of Removal at 9, *Wells Fargo Bank N.A. v. Robinson*, No. C 14-01470 VC (N.D. Cal. Mar. 31, 2014), ECF No. 1; *see also* Findings and Recommendations at 2, *Wells Fargo Bank N.A. v. Robinson*, C 14-01433 KJM (E.D. Cal. June 23, 2014), ECF No. 3.  In unlawful detainer actions, the right to possession of the property is contested, not title to the property, and plaintiffs may collect only damages that are incident to that unlawful possession.  *See Litton Loan Servicing, L.P. v. Villegas*, No. C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) (quoting *Evans v. Super. Ct.*, 67 Cal. App. 3d 162, 170 (1977)).  Wells Fargo is requesting restitution and possession of the property, not general damages.  *See* Complaint, Notice of Removal at 9, *Wells Fargo Bank N.A. v. Robinson*, No. C 14-01470 VC (N.D. Cal. Mar. 31, 2014), ECF No. 1.  The amount in controversy does not come close to $75,000.

Second, even assuming the threshold amount for diversity jurisdiction was satisfied, removal was not proper because Wells Fargo brought suit in California, and the Robinsons are citizens of California.  *See* Attachment 1 to Notice of Removal, *Wells Fargo Bank N.A. v. Robinson*, No. C 14-01470 VC (N.D. Cal. Mar. 31, 2014), ECF No. 1-1.  As explained above, 28 U.S.C. § 1441(b) prohibits removal where a defendant in the case is a citizen of the state in which the plaintiff originally brought the action.

### III. CONSOLIDATION

The Robinsons also request that this action be consolidated with another unnamed pending federal action in which Wells Fargo is a defendant.  *See* Notice of Removal, ECF No. 1 at 3-4.  Under some circumstances, Federal Rule of Civil Procedure 42 authorizes consolidation of actions pending before a federal district court.  *See* Fed. R. Civ. P. 42.  Consolidation is distinct from subject matter jurisdiction.  Subject matter jurisdiction is a fundamental constitutional requirement and

cannot be waived. *Billingsly v. C.I.R.*, 868 F.2d 1081, 1085 (9th Cir. 1989). Federal courts have no power to consider claims for which they lack subject matter jurisdiction, whether or not such claims are independent or consolidated. *See Chen-Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992); *see also Transamerica Life Ins. Co. v. Jurin*, No. C 14-01881 LB; Fed. R. Civ. P. 42; *see also Carrasco v. HSBC Bank USA, N.A.*, C-11-2711 EMC, 2012 WL 646251, at *6 (N.D. Cal. Feb. 28, 2012) (finding that consolidation of an unlawful detainer case with a pending case was not permissible under Federal Rule of Civil Procedure 42 where the unlawful detainer action is not currently before the Court and cannot be removed to federal court). In conclusion, consolidation will not cure the jurisdictional defect in this case, and the undersigned denies the request to consolidate the claims for relief.

## CONCLUSION

This order **GRANTS** Wells Fargo's motion to remand this matter to Napa County Superior Court because this court lacks subject matter jurisdiction. Additionally, this order warns the Robinsons that the court may impose a pre-filing restriction if they continue to remove the action on already-rejected bases.

**IT IS SO ORDERED.**

Dated: September 23, 2014

_____
LAUREL BEELER
United States Magistrate Judge